Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866)633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUHI REIMER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MOVE HOLDINGS DBA REALTOR.COM and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. 2:22-cv-75 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br> 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br> 5. WILLFUL VIOLATIONS OF THE VIRGINIA TELEPHONE PRIVACY PROTECTION ACT [ VA. CODE §59.1-514] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, RUHI REIMER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of MOVE HOLDINGS ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff' privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a Federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq*.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* because Defendant maintains its principal place of business within this district and therefore is subject to this Court's personal jurisdiction.

## PARTIES

4. Plaintiff, RUHI REIMER ("Plaintiff"), was at all times relevant to this action a natural person residing in Ashburn, Virginia and a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, MOVE HOLDINGS ("Defendant"), is a real estate listing company with its principal place of business in Westlake Village, California, and is a "person" as defined by *47 U.S.C. § 153 (39)*. Additionally, Defendant is a "telephone solicitor" as defined by *Va. Code § 59.1-510*.

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the

**CLASS ACTION COMPLAINT**
-2-

Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around July 1, 2021, Defendant contacted Plaintiff on his cellular telephone, number ending in -3122, in an effort to sell or solicit its services.

9. Defendant called Plaintiff at 10:43 a.m. on or around July 1, 2021. When Plaintiff did not answer, Defendant sent Plaintiff two text messages. The first read:

> Hi, Chris. I'm from realtor.com and I just tried to reach you regarding your inquiry for the property in Washington, DC. When is the best time to give you a call?

10. The second text message to Plaintiff read:

> Hi from realtor.com. I just tried reaching you again in regards to the property 2811 North Capital St NE. Can we help connect you with a local real estate agent?

11. On or around July 3, 2021 at 3:08 p.m., Defendant placed another call to Plaintiff's cellular telephone.

12. On or around August 4, 2021 Defendant sent Plaintiff a third text

message which read:

> Hi, Chris, from realtor.com! It's been a while since we received your property inquiry but we haven't been able to connect. The realtor.com concierge team is ready to learn more about your needs and match you with a local agent who knows your market.

13. On or around September 16, 2021, at 10:46 a.m., Defendant called Plaintiff a third time.

14. Defendant's calls and text messages constituted calls and text messages that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

15. Defendant's calls and text messages were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

16. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone numbers, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

17. Additionally, Plaintiff's telephone number ending in -3122 has been registered on the National Do-Not-Call List since 2008.

18. Despite this, Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the Do-Not-Call provisions of the TCPA, thus repeatedly violating Plaintiff's privacy.

19. Based off the pattern and content of the calls, Plaintiff alleges that Defendants did not have in place procedures for not calling individuals on the national Do-Not-Call List for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

20. Through this action, Plaintiff suffered an invasion of a legally

protected interest in privacy, which is specifically addressed and protected by the TCPA.

## CLASS ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22.     Plaintiff represents, and is a members of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23.     Defendant, its employees and agents are excluded from The Class. Plaintiff do not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24.     Additionally, Plaintiff represents, and is a member of, the Do-Not-Call Class ("the DNC Class," and together with The Class, "The Classes"), consisting of:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call List, but who received calls by or on behalf of Defendant for the purpose of promoting the sale of Defendant's products or

services within the four years prior to the filing of this Complaint

25. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of members of The Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon allege that The Classes includes thousands of members. Plaintiff alleges that members of The Classes may be ascertained by the records maintained by Defendant.

26. Plaintiff and members of The Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and members of The Classes via their cellular telephones thereby causing Plaintiff and members of The Classes to incur certain charges or reduced telephone time for which Plaintiff and members of The Classes had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and members of The Classes.

27. Common questions of fact and law exist as to all members of The Classes which predominate over any questions affecting only individual members of The Classes. These common legal and factual questions, which do not vary between members of The Classes, and which may be determined without reference to the individual circumstances of any members of The Classes, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;
   b. Whether Defendant failed to maintain adequate procedures to comply with the National Do-Not-Call List and placed calls to individuals registered on the National Do-Not-Call List for

        whom they had no prior business relationship;

   c.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

   d.    Whether Defendant should be enjoined from engaging in such conduct in the future.

28. As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, and in violation of the Do-Not-Call provisions of the TCPA Plaintiff is asserting claims that are typical of The Classes.

29. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every member of The Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of The Classes.

31. The prosecution of separate actions by individual members of The Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of The Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of The Classes to protect their interests.

32. Defendant has acted or refused to act in respects generally applicable

to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

# FIRST CAUSE OF ACTION
## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.
*Individually and on behalf of The Class*

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

35. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

36. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.
*Individually and on behalf of The Class*

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

39. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

40. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

*Individually and on behalf of the DNC Class*

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

43. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

*Individually and on behalf of the DNC Class*

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

46. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

47. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

**Willful Violations of the Virginia Telephone Privacy Protection Act**

**Va. Code § 59.1-514**

*Individually and on behalf of the DNC Class*

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-47.

49. *Va. Code § 59.1-514(B)* provides that:
No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

50. By contacting Plaintiff and members of the DNC class, Defendant willfully violated the Virginia Telephone Privacy Protection Act.

51. As a result of Defendant's willful violations of *Va. Code §59.1-514*, Plaintiff and the DNC Class members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to *Va. Code §591.1-515(B)*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(1)*, Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiff and the DNC Class members are entitled

to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

**Willful Violations of the Virginia Telephone Privacy Protection Act**

**Va. Code § 59.1-514**

- As a result of Defendant's willful violations of *Va. Code § 59.1-514*, Plaintiff and the DNC Class members are entitled to, and request, as provided by statute, up to $5,000 for each and every violation, pursuant to *Va. Code § 591-515(B)*.
- Plaintiff and the DNC Class are also entitled to reasonable attorney fees and court costs pursuant to *Va. Code § 591-515(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 5th Day of January, 2022.

      LAW OFFICES OF TODD M. FRIEDMAN, P.C.

    By: s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff